Dear Mr. Long:
This office is in receipt of your request for an opinion of the Attorney General in regard to police protection of a municipality by a parish sheriff. You indicate in 1985 the City of Donaldsonville abolished its police department and contracted with the Sheriff of Ascension Parish to provide law enforcement within the corporate limits of the city. You ask what would be the legal responsibilities of the elected parish sheriff if the city does not contract with him for law enforcement and does not reinstate its police department.
The mandate under Article V, Section 27 of the Louisiana Constitution of 1974 that the sheriff of each parish shall be the chief law enforcement officer in the parish is reinforced in R.S. 33:1435 which designates he shall preserve the peace and apprehend public offenders. This office has stated that his responsibility is co-extensive with the boundaries of the parish and observed, "It has also been the opinion of this office that where a complaint of a crime or offense within a municipality is made with the sheriff's office, the sheriff may either exercise concurrent jurisdiction with the city police and handle the complaint or he may refer the complaint to the city police." Atty. Gen. Op. No. 84-603. Obviously, where there is no city police the responsibility is his. This office further observed even in situations where others are charged with the duty of enforcing ordinances, the sheriff is the chief law enforcement officer of the parish and his duty to aid and assist in preserving the peace and enforcing all state, parish, local laws and ordinances is not extinguished. Atty. Gen. Op. No. 83-17.
However, it is readily apparent while the sheriff may have responsibility for law enforcement in the entire parish, a municipality cannot expect the same degree of police protection as it would have where there is a local police department with concurrent jurisdiction, or a specific contract with the sheriff. The sheriff's concern has to be parish wide which must lessen the quality and quantity of police protection for a municipality of the parish without a local police department with concurrent jurisdiction.
As a matter information we feel attention should be given to R.S. 33:2711.12. This sets forth a procedure for the governing authority of any municipality which operates under a home rule charter and which contracts for law enforcement with the sheriff of the parish where the municipality is located to levy an additional sale and use tax to be used for funding costs associated with the provisions of law enforcement services in the municipality.
We hope this discussion sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR